Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ISRAEL KOPEL BALLESTER Y OTROS<br><br>RECURRIDOS<br><br>v.<br><br>MARCELINO BELLOSTA VARADY Y OTROS<br><br>**LUIS BURGOS ECHEVARRÍA**<br><br>PETICIONARIOS | KLCE202400395 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2020CV01468<br><br>Sobre: Accidente de Tránsito |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Bonilla Ortiz y el Juez Pagán Ocasio.

Pagán Ocasio, juez ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de mayo de 2024.

### **I.**

El 5 de abril de 2024, el señor Luis Urbano Burgos Echevarría (señor Burgos Echevarría o peticionario) presentó una *Solicitud de certiorari* en la que solicita que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 16 de febrero de 2024, notificada y archivada digitalmente en autos el 20 de febrero de 2024.[2] En el dictamen, el TPI declaró No Ha Lugar una petición del señor Burgos Echevarría para que se dejara sin efecto una anotación de rebeldía en su contra en el pleito de daños y perjuicios promovido por la Sucesión de Israel Kopel Amster, compuesta por sus hijos Sasha, Dave, Stephen y Daniel Kopel Ballester (parte recurrida). Mediante la *Orden,* el foro primario también ordenó el desglose de una *Contestación a tercera demanda enmendada* radicada por el peticionario.

---

[1] Véase Orden Administrativa OATA-2024-042.
[2] Apéndice de la *Solicitud de Certiorari,* Anejo 1, págs. 1-2.

Número Identificador
RES2024_____

El 8 de abril de 2024, el señor Burgos Echevarría radicó un *Escrito en cumplimiento con Regla 33 del Reglamento del Tribunal de Apelaciones* en el que informó que notificó la *Solicitud de certiorari* a las partes en el caso, así como al foro primario.

El 9 de abril de 2024, emitimos una *Resolución* en la que le concedimos a la parte recurrida un término de diez (10) días para exponer su posición sobre los méritos del recurso.

El 18 de abril de 2024, la parte recurrida presentó una *Moción de breve prórroga* en el que solicitó un término adicional para expresar su oposición a la expedición del *certiorari* solicitado.

El 22 de abril de 2024, emitimos una *Resolución* en la que le concedimos a la parte recurrida un término final hasta el 25 de abril de 2024 para exponer su posición sobre los méritos del recurso.

Ese mismo día, la parte recurrida radicó una *Oposición a la expedición del auto de certiorari* en la que solicitó que desestimemos el recurso por falta de jurisdicción al no haberse notificado el recurso a una de las partes, o, en la alternativa, que deneguemos expedir el auto solicitado.

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos atinentes a la atención de la *Solicitud de certiorari*.

**II.**

El caso de marras tiene su génesis el 7 de abril de 2020 cuando el señor Israel Kopel Ballester (señor Kopel Ballester) y los demás miembros de la parte recurrida presentaron ante el TPI una *Demanda* en reclamación de daños y perjuicios por el sufrimiento y la muerte de la señora Josefina Manuela Ballester Cabrera (señora Ballester Cabrera), esposa del señor Kopel Ballester y madre de los demás miembros de la parte recurrida.[3] Entre las imputaciones de

---

[3] Entrada Núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

la reclamación, se incluyó que la señora Ballester Cabrera falleció tras un accidente de tránsito ocurrido en Guaynabo en el que, según se imputó, el señor Burgos Echevarría conducía el camión que la arrolló. Además del peticionario, la *Demanda* fue presentada en contra de Marcelino Bellosta Varady, Juan Carlos Méndez Rivera (señor Méndez Rivera), Antonio Medina Eliza, Hacienda La Carmen, L Star Transport Corp., First Pick Trucks and Tires LLC, entre otros.

El caso presentado ante nos ha tenido un prologado trámite procesal, demostrado por las casi 700 entradas que ostenta el expediente digital en SUMAC. Para atender este recurso, no es necesario consignar todo ese trámite, excepto en lo siguiente.

El 21 de mayo de 2020, el señor Burgos Echevarría fue emplazado personalmente.[4]

El 1 de octubre de 2020, la parte recurrida radicó una *Moción de anotación de rebeldía* en la que solicitó que se anotara la rebeldía del señor Burgos Echevarría ante su incomparecencia e incumplimiento con formular una alegación responsiva en el término dispuesto por las Reglas de Procedimiento Civil, 32 LPRA Ap. V.[5]

El **2 de octubre de 2020**, el TPI emitió una *Orden* en la que ordenó la anotación de rebeldía en contra del peticionario.[6]

Luego de múltiples trámites procesales, los cuales incluyeron la sustitución por muerte del señor Kopel Ballester, el 12 de enero de 2024, el señor Burgos Echevarrría presentó un *Escrito solicitando se deje sin efecto anotación de rebeldía* en el que solicitó al TPI que levantara la anotación de rebeldía en su contra, dictada más de tres años antes.[7] Junto a la moción, incluyó una *Contestación a tercera demanda enmendada* para que fuera autorizada como alegación

---

[4] Apéndice de la *Solicitud de Certiorari*, Anejo 5, págs. 39-40.
[5] Íd., Anejo 6, págs. 41-42.
[6] Notificada y archivada en autos digitalmente el 5 de octubre de 2024. Íd., Anejo 7, págs. 43-44.
[7] Íd., Anejo 13, págs. 59-71.

responsiva a la reclamación promovida por la parte recurrida. Según el escrito, el peticionario no había sido temerario y su incomparecencia se debió a incapacidad económica. Además, planteó que el representante legal que suscribió el escrito, quien también representaba a One Alliance Insurance Corporation, sostuvo que el peticionario fue cooperador con las investigaciones de los demás demandados y, según arrojó el descubrimiento de prueba, poseía defensas apremiantes que se le debía permitir presentar ante el foro primario. Por último, esbozó que dejar sin efecto la anotación de rebeldía no perjudicaría a las demás partes, ni el calendario del caso.

El 30 de enero de 2024, la parte recurrida radicó una *Oposición a que se deje sin efecto la anotación de rebeldía y solicitud de desglose de contestación a la demanda* en la que solicitó que se declarara No Ha Lugar la petición de dejar sin efecto la anotación de rebeldía.[8] Según adujeron, el señor Burgos Echevarría no demostró justa causa para la dilación en participar en el pleito y, aún más, se causaría perjuicio a la parte recurrida, toda vez que el descubrimiento de prueba se completó bajo la premisa de que el peticionario no tendría derecho a presentar prueba debido a la rebeldía anotada.

El 31 de enero de 2024, el TPI emitió una *Orden* en la que le concedió al peticionario un término para expresar su posición sobre la oposición de la parte recurrida.[9]

El 16 de febrero de 2024, el señor Burgos Echevarría presentó una *Réplica* en la que reafirmó su petición.[10]

Ese mismo día, el TPI emitió la *Orden* recurrida en la que declaró No Ha Lugar la petición del señor Burgos Echevarría de que

---

[8] Íd., Anejo 14, págs. 72-78.
[9] Notificada y archivada digitalmente en autos el 1 de febrero de 2024. Íd., Anejo 15, pág. 79-80.
[10] Íd., Anejo 16, págs. 81-86.

se dejara sin efecto la anotación de rebeldía en su contra.[11] La determinación fue notificada y archivada digitalmente en autos el 20 de febrero de 2024.

El 6 de marzo de 2024, el peticionario radicó una *Solicitud de reconsideración* en la que solicitó al foro primario que revirtiera su determinación.[12]

Ese mismo día, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la reconsideración solicitada.[13]

El 5 de abril de 2024, el señor Burgos Echevarría presentó el recurso de epígrafe y le imputó al TPI la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia a[l] denegar la solicitud de dejar sin efecto la anotaci[ó]n de rebeldía impuesta sobre el co-demandado Luis Urbano Burgos Echevarr[í]a

Es su posición que la negativa del TPI a dejar sin efecto la anotación de rebeldía constituyó un abuso de discreción. Además, arguye que, producto del descubrimiento de prueba, obtuvo evidencia legítima a su favor, meritoria para defenderse de la reclamación en su contra. Asimismo, plantea que acoger su solicitud no afectaría los intereses de la parte recurrida porque el foro primario aún no ha fijado una fecha para la Conferencia con antelación al juicio y se encuentra atendiendo mociones dispositivas.

El 22 de abril de 2024, la parte recurrida radicó una *Oposición a la expedición del auto de certiorari* en la que se opuso al recurso de epígrafe por dos razones independientes. En primer lugar, argumenta que el Tribunal de Apelaciones carece de jurisdicción sobre el recurso. A su entender, el mismo no quedó perfeccionado dentro del término provisto en ley, toda vez que no se evidenció de manera alguna que fue notificado al señor Méndez Rivera, también declarado rebelde, ni se demostró justa causa para dicha omisión. En segundo lugar, señala que no se configuran los criterios de la

---

[11] Íd., Anejo 1, págs. 1-2.
[12] Íd., Anejo 2, págs. 3-5.
[13] Íd., Anejo 3, págs. 6-8.

Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Según esboza, el señor Burgos Echevarría no demostró justa causa para su incomparecencia, no expresó interés en contestar la reclamación y el descubrimiento de prueba concluyó, realizado bajo la premisa de que el peticionario no podría participar en el pleito.

### III.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1,[14] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender

---

[14] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[15]

**B.**

La anotación de rebeldía es una de las sanciones que el Tribunal puede imponer a las partes. La Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1, regula lo pertinente a dicha sanción. Conforme a ésta, los tribunales, a iniciativa propia o solicitud de una parte, pueden anotar la rebeldía a una parte que no comparezca a pesar de haber sido emplazada. *Íd.* Dicha sanción

---

[15] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

está reservada para aquellos casos en los cuales el demandado <u>no ha cumplido con el requisito de comparecer a contestar una demanda</u>, <u>no ha presentado sus defensas en la forma prescrita por ley</u> o cuando una de las partes ha incumplido con algún mandato del tribunal. ***Rivera Figueroa v. Joe's European Shop***, *supra,* págs. 587-588; ***Álamo Pérez v. Supermercados Grande, Inc.***, 158 DPR 93, 100 (2002). El propósito de esta sanción es desalentar la dilación en los procesos judiciales. ***Rivera Figueroa v. Joe's European Shop***, *supra,* pág. 587.

La anotación de rebeldía tiene como consecuencia jurídica que se den por admitidos los hechos correctamente alegados en la demanda y que el Tribunal de Primera Instancia pueda dictar sentencia, <u>si procede como cuestión de derecho</u>. Íd. pág. 590; ***González Pagán v. SLG Moret-Brunet,*** 202 DPR 1062, 1069 (2019); ***Álamo Pérez v. Supermercados Grande, Inc.,*** *supra,* pág. 101; ***Continental Ins. Co. v. Isleta Marina,*** 106 DPR 809, 815 (1978). Sin embargo, ello no garantiza que la parte promovente habrá de obtener un dictamen favorable dado que el trámite en rebeldía no priva al tribunal de evaluar si, en virtud de los hechos no controvertidos existe efectivamente una causa de acción que amerite la concesión de un remedio. ***Ocasio v. Kelly Servs. Inc.,*** 163 DPR 653, 671-672 (2005); ***Continental Ins. Co. v. Isleta Marina***, *supra*, pág. 817.

Ahora bien, así como un tribunal puede anotar la rebeldía de una parte, también puede dejarla sin efecto. De acuerdo con la Regla 45.3 de Procedimiento Civil, *supra,* R. 45.3, el tribunal puede así hacerlo por **causa justificada**. Nuestro Tribunal Supremo ha interpretado que esta norma debe interpretarse de manera liberal, resolviendo cualquier duda a favor de que se deje sin efecto la anotación. ***Rivera Figueroa v. Joe's European Shop***, *supra*, pág. 592; ***Díaz v. Tribunal Superior,*** 93 DPR 79, 87 (1966).

Como obliga la mencionada Regla, esta acción dependerá de la existencia de justa causa. Íd. Para demostrar su existencia, la parte promovente de la solicitud puede: (1) impugnar que no se cumple con ninguna de las circunstancias prescritas por la Regla 45.1 de Procedimiento Civil, *supra*, para justificar la anotación de rebeldía; (2) evidenciar que existe justa causa para la dilación; o (3) probar que posee una buena defensa en sus méritos y que el perjuicio que se le podría ocasionar a la otra parte es razonablemente mínimo. Íd., pág. 593.

De la mano con esto, nuestro más alto foro ha resuelto que la anotación de rebeldía como sanción por su incumplimiento debe darse siempre dentro del marco de lo que es justo, equivaliendo la ausencia de esa justicia a un abuso de discreción. **Rivera Figueroa v. Joe's European Shop**, *supra*, pág. 590.

## IV.

En el caso de marras, el señor Burgos Echevarría solicita que revoquemos una *Orden* interlocutoria en la que el TPI declaró No Ha Lugar su petición para que se dejara sin efecto la anotación de rebeldía en su contra. Como cuestión de hechos procesales, la *Demanda* en este caso fue presentada el 7 de abril del 2020, el peticionario fue emplazado personalmente el 21 de mayo de 2020, la rebeldía fue anotada el 2 de octubre de 2020 y, luego de **tres años y tres meses**, el peticionario solicitó que se dejara sin efecto la anotación el 12 de enero de 2024. Sin embargo, según aduce, posee defensas apremiantes que debe presentar y su falta de comparecencia respondió a incapacidad económica y no a temeridad. Por último, esboza que dejar sin efecto la anotación de rebeldía no les causaría perjuicio a las partes, ni afectaría el calendario del caso.

Tras un análisis objetivo, sereno y cuidadoso del expediente del caso, resolvemos que debemos abstenernos de ejercer nuestra

función revisora. Un examen sosegado del expediente del caso ante nuestra consideración y el trámite ante el foro primario no arroja error alguno que amerite nuestra intervención. No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción al anotar la rebeldía del señor Burgos Echevarría, quien **por más de tres años** abdicó su derecho a participar activamente como demandado en el pleito que se lleva en su contra. En el presente recurso solicita que dejemos sin efecto la rebeldía anotada en su contra y permitamos que presente su alegación responsiva en una reclamación instada en **abril del 2020**, cuya última enmienda fue presentada el 22 de febrero de 2021 y autorizada el 9 de abril de 2021 y cuyo descubrimiento de prueba concluyó. Ante la incomparecencia plurianual del peticionario y su inacción en presentar defensa alguna, resolvemos que la determinación recurrida es esencialmente correcta en derecho, por lo que no debemos intervenir con el criterio del foro primario. Por ello, denegamos el recurso de *certiorari* solicitado por el peticionario.

**V.**

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones